UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21533-COOKE/DAMIAN

BRADLEY WHITE,

    Plaintiff,

vs.

PRECISE STRIPES, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT,
TO DISMISS WITH PREJUDICE, AND TO RETAIN JURISDICTION [ECF NO. 25]**

THIS CAUSE is before the Court on Plaintiff, Bradley White's ("Plaintiff"), and Defendant, Precise Stripes, LLC, ("Defendant"), Joint Motion to Approve Settlement Agreement, to Dismiss with Prejudice, and to Retain Jurisdiction [ECF No. 25] (the "Joint Motion"). This matter was referred to the undersigned by the Honorable Marcia G. Cooke, United States District Judge, for a Report and Recommendation as to the fairness of the parties' proposed settlement. [ECF No. 26]. *See* 28 U.S.C. § 636.

The undersigned has considered the Joint Motion, the proposed Settlement Agreement and Release [ECF No. 25-1], the pertinent portions of the record and relevant legal authorities, and heard from the parties, through counsel, who appeared before the undersigned by Zoom for a Fairness Hearing on May 10, 2022, and is otherwise fully advised in the premises. For the reasons set forth below, the undersigned recommends that the Joint Motion be granted, the Settlement Agreement and Release be approved, and the case be dismissed with prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2021, Plaintiff filed a one-count Complaint against Defendant alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages. *See* ECF No. 1 (the "Complaint"). According to the allegations in the Complaint, Plaintiff was hired by Defendant in January 2020 to install concrete barriers. *See id.* ¶ 12. Plaintiff alleges in the Complaint that he was paid $11.00 per hour and that he worked approximately fifty (50) hours per week but that he was not paid overtime wages for the hours he worked in excess of forty (40) hours per week. *Id.* ¶¶ 12, 14.

On June 1, 2021, Plaintiff filed his Statement of Claim. [ECF No. 10]. In the Statement of Claim, Plaintiff alleges he worked for Defendant for fifty-two (52) weeks, from January 2020 to January 2021. *Id.* at 1. In contrast to the allegations in the Complaint, Plaintiff alleges in the Statement of Claim that he worked an average of sixty-five (65) hours per week but was not paid overtime wages for the hours he worked in excess of forty (40) hours per week. *Id.* Plaintiff further alleges he is owed $7,150.00 in overtime wages,[1] and he seeks an equal amount in liquidated damages under the FLSA. *Id.*

Defendant failed to timely appear or otherwise respond to the Complaint, and, on May 18, 2021, Plaintiff moved for default, which the Clerk entered on the same date. [ECF Nos. 5 and 9]. On June 15, 2021, Plaintiff filed a Motion for Final Default Judgment. [ECF No. 12]. On March 1, 2022, following an evidentiary hearing during which Plaintiff testified, the undersigned issued a Report and Recommendation recommending that a final default judgment be entered in Plaintiff's favor in the amount of $19,373.00, including overtime

---

[1] This figure represents twenty-five (25) hours of unpaid overtime wages, multiplied by fifty-two (52) weeks, at the overtime rate of $5.50 per hour (*i.e.*, $5.50 (overtime rate) x 25 (overtime hours per week) x 52 (total weeks)).

wages, liquidated damages, and attorney's fees and costs. [ECF No. 17]. Thereafter, on March 13, 2022, Defendant filed a Motion to Set Aside/Vacate Clerk's Default. [ECF No. 18].

On April 4, 2022, Plaintiff filed a Notice of Settlement. [ECF No. 23]. The following day, April 5, 2022, the Court entered an Order administratively closing the case and directing the parties to submit a stipulation of final dismissal. [ECF No. 24]. On April 19, 2022, the parties submitted the Joint Motion now before the Court seeking approval of their proposed settlement agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice and requesting the Court retain jurisdiction to enforce the terms of the settlement agreement. *See* Joint Motion.

In the Joint Motion, the parties indicate they reached a settlement in this matter to avoid the costs and uncertainty of litigation. *Id.* at 2. The Joint Motion also indicates that in reaching the settlement, the parties determined that (a) while Plaintiff continued to believe he had a claim against Defendant, Plaintiff's damages may have been more limited than originally believed even should Plaintiff prevail; (b) the Parties were prepared to move forward with their respective claims and defenses; (c) the Parties would incur significant fees and costs in doing so; and (d) there was significant uncertainty on both sides regarding the ultimate outcome of the case. *See id*. Although Defendant denies any wrongdoing and denies that it owes Plaintiff additional compensation pursuant to the FLSA, Defendant asserts that any potential liability would have occurred despite good faith intentions to comply with the FLSA, thereby potentially minimizing or eliminating the potential recovery of liquidated damages. *See id.* at 3.

## II.     APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA is liable to its employee for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. DISCUSSION

With the foregoing in mind, the undersigned turns to scrutinize the parties' proposed settlement agreement for fairness.

#### A. *The Settlement Amount*

Under the proposed Settlement Agreement and Release [ECF No. 25-1] (the "Agreement"), Defendant has agreed to pay Plaintiff the total sum of $7,500.00, which is

comprised of $2,427.00 to Plaintiff as back wages and $5,073.00 to Plaintiff's counsel for attorneys' fees and costs. Agreement, at ¶ 3. As indicated above and in Plaintiff's Statement of Claim, Plaintiff initially sought $7,150.00 for alleged unpaid overtime wages and $7,150.00 in liquidated damages such that the settlement amount is approximately thirty percent (30%) of the alleged unpaid wage amounts originally sought. *See* Statement of Claim. Both parties are represented by counsel and agree the negotiated terms of the Agreement are fair and equitable considering the strengths and weaknesses of the parties' respective positions on the FLSA claim. *See* Joint Motion, at 2–3.

The undersigned has scrutinized the terms of the Agreement and considered the above referenced factors and heard from the parties, through their counsel, at a hearing before the undersigned. Based on the parties' representations and their expressed concerns regarding the alleged FLSA claim, the undersigned finds the settlement amount represents a fair and reasonable resolution of a bona fide dispute between the parties under all the circumstances presented and that Plaintiff has not unfairly compromised his FLSA claims. The undersigned also finds the Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

Having found the settlement amount is fair and reasonable, the undersigned addresses the specific terms of the Agreement.

**B.** *Attorney's Fees and Costs*

As part of the Agreement, Plaintiff's counsel will receive a total of $5,073.00 for attorney's fees and costs. *See* Agreement, at ¶ 3. In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). It is unclear from the parties' Joint Motion and Agreement whether this amount was negotiated separately from the amount paid to Plaintiff for his FLSA claim. However, at the

May 10, 2022, Fairness Hearing before the undersigned, the parties represented that the amount was negotiated separately from the amount paid to Plaintiff for his FLSA claim, such that Plaintiff agreed the settlement amount was fair separate and apart from consideration of the fees and costs paid to his counsel.

Initially, the undersigned reviewed counsel's billing records and found the amount billed, including the number of hours expended and the hourly rate, was reasonable based on the facts and circumstances of this case. *See* ECF No. 17, at 9–13. Moreover, based on the parties' representation that Plaintiff's attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff, and finding the Agreement is otherwise reasonable on its face, the undersigned finds there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. Therefore, the Court may approve the Agreement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Either way, the undersigned finds the attorney's fees and costs provision in the Agreement is fair and reasonable.

### C. *General Release*

In return for the settlement amount, Plaintiff has agreed to the following:

a. To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendant, and to release and forever discharge Defendant of and from any and all manner of actions, causes of actions, suits, rights to attorney fees and costs, debts, claims, and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment with Defendant, or related to the transactions or matters which are the subject of the lawsuit in Case No. 21-cv-21533 pending in the U.S. District Court for the Southern District of Florida (the "Action"), including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including but not limited to the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1886, 1871, 1964, and 1991, the

>Rehabilitation Act of 1973, the Fair Labor Standards Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Worker's Benefit Protection Act, the Florida Civil Rights Act, and any worker's compensation laws (to the extent not prohibited by Fla. Stat. Sec. 440.21). This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state, and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendant, or otherwise, and whether such claims are now known or unknown to Plaintiff or Defendant, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for re-employment assistance, a/k/a unemployment, benefits consistent with Fla. Stat. Sec. 443.041(1).

Agreement, at ¶ 2.

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and, therefore, such releases "confer[ ] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352; *see also Bradford v. Ancient City Grp. LLC*, No. 21-513, 2022 WL 549589, at *3 n.2 (M.D. Fla. Feb. 15, 2022) ("Some judges will not approve an agreement to settle a FLSA claim that includes a general release because, without an indication of the value of the released claims, the fairness and reasonableness of the compromise cannot be determined."); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (denying without prejudice joint motion to approve FLSA settlement where "the Agreement contains unbounded and pervasive release provisions" requiring the plaintiff to "release many known and unknown legal claims that have nothing apparent to do with the current FLSA dispute"). Nevertheless,

"if a plaintiff is given compensation in addition to that to which he or she is entitled under the FLSA, then general releases can be permissible." *Herrera v. FS Invs. of America, Inc.*, No. 20-2465, 2021 WL 1602120, at *2 (M.D. Fla. Apr. 8, 2021).

Here, the Agreement does not explicitly provide separate consideration for Plaintiff's general release, and the parties do not address the general release provision in their Joint Motion. However, at the fairness hearing, the undersigned addressed the release provisions of the Agreement with the parties. Plaintiff's counsel pointed out that the release was a significant factor in the parties' negotiations and that the settlement amount is partly attributable to inclusion of the release. Plaintiffs' counsel also asserted that Plaintiff has no intention or interest in asserting any other claims against Defendant and is unaware of any that he may be foregoing. The undersigned also notes the release is mutual. Accordingly, the undersigned finds that the general release does not undermine the fairness of the Agreement.

**D.** *No Re-Employment Provision*

The Agreement also contains a "No Re-Employment" provision in which Plaintiff "waives any right to future employment with Defendant, and agrees that he shall not knowingly apply for employment with Defendant in the future." Agreement, at ¶ 2e. The Joint Motion does not address this provision nor whether additional consideration was provided to Plaintiff for it.

As the Middle District has specified, "an agreement not to employ a plaintiff in the future plainly injures the plaintiff, and when the parties' briefing does not address the issue of additional consideration, courts cannot determine whether the inclusion of such provision in a settlement agreement represents a fair and reasonable resolution of the parties' FLSA dispute." *Duffey v. Surfside Coffee Co.*, No. 20-cv-501, 2022 WL 766904, at *4 (M.D. Fla. Jan. 1, 2022) (citation and internal quotation marks omitted). Such provisions, nonetheless, may

be approved where supported by sufficient additional consideration. *Id.* Moreover, "[n]o reemployment clauses are different from general releases, in that the plaintiffs, as former employees of the defendants, know exactly what they are relinquishing when they agree not to seek future employment with the defendants." *Holmes v. Swissport Fueling, Inc.*, No. 16-cv-669, 2019 WL 1370542, at *6 (M.D. Fla. Mar. 11, 2019) (citation omitted); *see also Cruz v. Winter Garden Realty, LLC*, No. 12-cv-1098, 2013 WL 4774617, at *3 (M.D. Fla. Sept. 4, 2013) ("Likewise, where a plaintiff indicates that she does not desire re-employment, the inclusion of a waiver of future employment does not render the settlement unfair.").

Here, as with the general release, the Agreement does not explicitly identify separate consideration for Plaintiff's waiver of future employment with Defendant. However, during the fairness hearing, the undersigned addressed this provision with counsel, both of whom agreed the provision enabled the parties to reach swifter resolution. Moreover, Plaintiff's counsel asserted that Plaintiff fully understands the provision and its implications and has no interest in seeking future employment with Defendant. Accordingly, the undersigned finds the inclusion of a waiver of future employment provision, despite the lack of additional consideration, does not undermine the fairness of the Agreement under the circumstances presented.

### E. *Retention of Jurisdiction*

In the Joint Motion, the parties request that the Court retain jurisdiction to enforce the terms of the Agreement. Joint Motion, at 3–4. "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012). Accordingly, the undersigned recommends that the Court reserve jurisdiction to enforce the terms of the parties' settlement.

## IV.  FINDINGS

The undersigned has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective positions; and the parties' desires to resolve their disputes without protracted litigation.

As set forth above, the undersigned finds that the settlement represents a genuine compromise of a bona fide dispute. Defendant, who denies liability, has agreed to pay Plaintiff more than it believes Plaintiff is due under the law. The parties have agreed to settle as a result of reasonable strategic and financial considerations.

The undersigned also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The undersigned further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable and that the amount claimed as payment for Plaintiff's counsel's fees and costs is also reasonable.

## V.  RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully recommends that the Joint Motion to Approve Settlement Agreement, to Dismiss with Prejudice, and to Retain Jurisdiction [ECF No. 25] be **GRANTED**, that the Settlement Agreement be **APPROVED** as fair and reasonable, and that the case be **DISMISSED WITH PREJUDICE**.

The undersigned also recommends that the Court reserve jurisdiction to enforce the terms of the parties' settlement, close the case, and deny all pending motions as moot.

The parties will have **two (2) calendar days**[2] from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia G. Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 10th day of May 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Marcia G. Cooke
    Counsel of Record

---

[2] Counsel stated during the fairness hearing that they do not have an objection to the undersigned recommending that the settlement be approved and shortening the time to file objections to two days.